IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION
IN ADMIRALTY

| | |
|---|---|
| In the matter of the Complaint of MORAN ENVIRONMENTAL RECOVERY, LLC, as the owner of the vessel "Miss June" and her engines, tackle, appurtenances, etc.<br><br>For exoneration from, or limitation of, liability. | Civil Action No.: 2:18-cv-02396-DCN<br><br>**COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY**<br>**(NON-JURY)** |

NOW COMES Moran Environmental Recovery, LLC (hereinafter "MER" or "Plaintiff") filing their Complaint for Exoneration from or Limitation of Liability and showing the Court as follows:

1. This is a case of Admiralty and Maritime Jurisdiction as hereinafter more fully appears, and is an Admiralty and Maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2. MER is a limited liability company organized and existing under the laws of Delaware.

3. MER is the owner and operator of the Miss June, a 2013 Lobell aluminum workboat, Hull ID LOB11622D313 (hereinafter "Vessel"), within the meaning of the Limitation of Liability Act, 46 U.S.C. §§ 30501, *et. seq.*

4. At all material times, MER was the owner and operator of the Vessel and is also entitled to all protection provided by the Limitation of Liability Act, 46 U.S.C. § 30511.

5. The Vessel is a watercraft registered in the State of Massachusetts, Registration Number MS2187BB, Identification Number LOB11622D313, with an overall length of twenty-four feet (24'), and is equipped with two 2018 115 hp Yamaha, Model F115, Identification Numbers

6ELX1001290 (port), and 6EKX105522 (starboard), outboard motors (hereinafter "Motors"). See Registration attached as Exhibits 1 and Survey of Knox Marine attached as 2.

6. Plaintiff is filing this action in the District of South Carolina, Charleston Division, pursuant to the requirements of Rule F of the Supplemental Rules for Admiralty of Maritime Claims and Asset Forfeiture Claims of the Federal Rules of Civil Procedure, inasmuch as MER has received written notice from counsel for the Personal Representative of David W. Rafferty (hereinafter "Rafferty") and Personal Representative of Edward Barnett (hereinafter "Barnett") asserting claims for two fatalities that occurred aboard the Vessel. No specific amount has been demanded.

7. There are no pending actions or proceedings.

8. Barnett was an employee of MER. On July 6, 2018, Barnett died when the Vessel Barnett was operating allided with a contraction dike at Marker 49-A in the Cooper River, North Charleston, South Carolina.

9. Raffety was an employee of MER. On July 6, 2018, Rafferty sustained injuries when the Vessel in which Raffety was a passenger allided with a contraction dike at Marker 49-A in the Cooper River, North Charleston, South Carolina, and subsequently died.

10. MER received written notice of claim from Rafferty's counsel on or about July 16, 2018, and from Barnett's counsel on or about July 27, 2018. Therefore, this Complaint is being filed within six (6) months of written notice in accordance with Rule F of the Supplemental Rules for Admiralty of Maritime Claims of the Federal Rules of Civil Procedure.

11. The voyage in which Rafferty and Barnett were engaged commenced on July 6, 2018 from MER's local facility on the Cooper River and terminated at the contraction dike.

12. The Motors and equipment have a post-accident fair market value of Fourteen Thousand Four Hundred and 00/100 Dollars ($14,400.00).  See Survey of Knox Marine attached as Exhibit 2.  The Vessel is a total loss. Ibid.

13. The Vessel is in possession of the Plaintiff at 2668 Spruill Avenue, North Charleston, South Carolina.  There was no pending freight due to Plaintiff in connection with the Vessel.

14. Any damage sustained by Rafferty or Barnett's decedents was caused without the fault, privity, or knowledge of Plaintiff.

15. Pursuant to Rule F, of the Supplemental Rules for Admiralty or Maritime Claims and Asset forfeiture Claims, Federal Rules of Civil Procedure, and pursuant to the Limitation of Liability Act, 46 U.S.C. §§ 30501, *et. seq.*, Plaintiff invokes its right to file a Complaint for exoneration from liability or, in the alternative, limitation of liability.

**WHEREFORE**, Plaintiff prays:

1. That this Court issue notice to all persons asserting claims by reason of any loss, expenses, or damages, occasioned or incurred by reason of the casualty herein described, admonishing them to file their claims with the Clerk of this Court and to serve on the attorneys for the Plaintiff a copy of their claim thereof on or before a date to be named in the notice.

2. That this Court issue its injunction restraining the commencement or prosecution against the Plaintiff or against the Vessel of any and all actions or legal proceedings which have arisen or may arise out of the casualty, without prejudice, to all available defenses of Plaintiff.

3. That this court exonerate the Plaintiff or, alternatively, adjudge that the Plaintiff's liability be limited to the value of Plaintiff's interests in the Vessel at the time of the casualty.

4. That Plaintiff be granted such other and further relief as the justice of the case may require.

RESPECTFULLY SUBMITTED

TECKLENBURG & JENKINS, LLC

__s/ *Paul F. Tecklenburg*_____
Paul F. Tecklenburg, Fed. ID #3702
Rivers T. Jenkins, III, Fed. ID #5631
1819 Meeting Street Road, Suite A (29405)
P.O. Box 20667
Charleston, South Carolina 29413
Telephone: (843) 534-2628
Facsimile: 843-534-2629
pft@tecklaw.net
rtj@tecklaw.nett
*Attorneys for Plaintiff*

Charleston, South Carolina

August 29, 2018