

## STARR COMPANIES
GLOBAL INSURANCE & INVESTMENTS

## LETTER OF UNDERTAKING

August 27, 2018

U. S. District Court
District of South Carolina
85 Broad Street
Charleston, SC 29402

Attention: The Honorable Judges of the United States
District Court for the District of South Carolina

Action:   In the matter of the Complaint of MORAN ENVIRONMENTAL RECOVERY, LLC, as the owner of the vessel "Miss June" and her engines, tackle, appurtenances, etc., for exoneration from, or limitation of, liability.

Insurance Company:  Starr Indemnity & Liability Company
Policy No: MASIHNY00009918
Date of Incident: July 6, 2018

In accordance with Rule F(1) of the F.R.C.P., Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("SRAMC"), as security in the above-captioned action now pending in the United States District Court for the District of South Carolina, in Admiralty, as required by 46 U.S.C. Sec. 30501, et seq., the undersigned, on behalf of Starr Indemnity & Liability Company, the underwriters for Moran Environmental Recovery, LLC, ("MER") the policyholder and/or named insured under the referenced policy, concerning that certain vessel named MISS JUNE, State of Massachusetts Registration No. MS2187BB, Hull ID N0. L0B11622D313 (the "Vessel"), hereby agree, whether the Vessel be lost or not lost:

> (1)     Upon institution of an action or filing of a claim under Rule F(5), F.R.C.P., SRAMC in the United States District Court, District of South Carolina, claiming damages arising out of the allision that occurred on or about July 6, 2018 of the Vessel with a contraction dike, to pay and satisfy any final judgment (after appeal, if any) rendered in favor of any claimant against the Vessel or her owners in an amount up to and not exceeding Fourteen-Thousand Four Hundred Dollars ($14,400.00), plus interest, or any lesser amount settled between the parties by written agreement without a final judgment or arbitrator's award being rendered, the vessel lost or not lost.

(2)     Upon award of case costs against the Vessel or her owners (after appeal, if any) for any action or claim arising from the allision that occurred on or about July 6, 2018, to pay and satisfy such costs, in addition to the judgment in Paragraph 1 hereof, in an amount up to and not exceeding One-Thousand Dollars ($1000.00), plus interest as provided in Rule F(1), F.R.C.P., SRAMC.

(3)     That nothing contained in paragraphs 1 or 2 hereof is intended to prohibit Starr Indemnity & Casualty Company from filing a bond in form and sufficiency of surety satisfactory to this Court for judgment not exceeding the value of the Vessel and pending freight and/or costs to be set by this Court, together with interest on costs at the rate set forth in Rule F(1), F.R.C.P., SRAMC.

(4)     That this agreement and undertaking shall be governed by the laws of this Court. Starr Indemnity & Liability Company hereby consents to be sued on this agreement and undertaking in this Court and submits itself to the jurisdiction of this Court on this letter only and for no other purpose. Service of process in any action on this agreement and undertaking may be made on Paul F. Tecklenburg, PO Box 20667, Charleston, SC, 29413, via United States certified mail, return receipt requested. Final judgment after all appeals, which is entered against or for MER, or the Vessel shall be conclusive and may be enforced in any jurisdiction where Starr Indemnity and Liability Company or its assets may be found for and up to the sums of $14,400.00 for judgment, and $1000.00 for costs. In any suit on any such final judgment and costs, after all appeals, a certified or exemplified copy of such judgment shall be conclusive evidence of the fact of the amount due under such judgment.

(5)     This Letter of Undertaking is wholly without prejudice to the defenses, immunities, limitations and rights available to the owner and the Vessel and is not to be construed as any admission of liability.

(6)     The execution of this Letter of Undertaking by the duly authorized representative below shall not be construed as binding on them personally, but is to be binding only upon the underwriter, Starr Indemnity & Liability Company.

Very truly yours,

Starr Indemnity & Liability Company

David Fitzgerald
Global Chief Claims Officer