IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION
IN ADMIRALTY

| | |
|---|---|
| In the matter of the Complaint of MORAN ENVIRONMENTAL RECOVERY, LLC, as the owner of the vessel "Miss June" and her engines, tackle, appurtenances, etc.<br><br>For exoneration from, or limitation of, liability. | Civil Action No.: 2:18-cv-02396-DCN<br><br>**MEMORANDUM IN SUPPORT OF *EX PARTE* APPLICATION FOR:**<br><br>1. **APPROVAL OF STIPULATION FOR VALUE AND COSTS AND LETTER OF UNDERTAKING**<br><br>2. **ORDER DIRECTING MONITION TO ISSUE, PUBLIC NOTICE AND RESTRAINING ALL SUITS** |

I. INTRODUCTION

This is an action by Plaintiff-in-Limitation Moran Environmental Recovery, LLC (hereinafter, "PLAINTIFF-IN-LIMITATION"), as owner of that certain vessel "MISS JUNE," and her engines, tackle, appurtenances, etc. ("Vessel"), for exoneration from, or limitation of, liability pursuant to the Limitation of Liability Act, 46 U.S.C. § 30501, *et seq.* Section 30505(a) provides that "the liability of the owner of a vessel for any claim, debt, or liability described in subsection (b) shall not exceed the value of the vessel and pending freight." 46 U.S.C. § 30505(a). Subsection (b) provides that "claims, debts, and liabilities subject to limitation under subsection (a) are those arising from...any loss, damage, or injury by collision, or any act, matter, or thing, loss, damage, or forfeiture, done, occasioned, or incurred, without the privity or knowledge of the owner." 46 U.S.C. § 30505(b).

The procedural requirements of a limitation action have been codified in the Federal Rules of Civil Procedure, Supplemental Rules for Certain Admiralty and Maritime Claims (hereinafter "Supplemental Rules"). In particular, the Court's attention is called to Supplemental Rules F(1) through F(9).

Pursuant to the Supplemental Rules, in addition to the Complaint and filed concurrently therewith, PLAINTIFF-IN-LIMITATION filed with the Court four (4) additional documents entitled:

1. Stipulation for Value and Costs and Letter of Undertaking (Docket Entry 4);

2. Proposed Order Approving Stipulation for Value and Costs and Letter of Undertaking (Docket Entry 5-1);

3. Proposed Order Directing Monition to Issue, Public Notice and Restraining All Suits (Docket Entry 5-2); and

4. Monition/Notice of Complaint for Exoneration from or Limitation of Liability (Exhibit 1).

From the outset, it should be noted that the above-referenced documents are designed to comply with and effectuate the procedural requirements of Supplemental Rules F(1) through (4). Those rules, together with the filed documents, are designed to ensure that all potential claimants are brought into this proceeding. Any claimant will have an opportunity to contest the sufficiency of these documents upon application to the Court. Accordingly, there are no defendants at this time. Upon the filing of a claim or claims in response to those documents, and/or answer(s) to PLAINTIFF-IN- LIMITATION's Complaint, the claimants will become, in effect, the defendants and this action will proceed.

## II. ARGUMENT

### A. This Court has Exclusive Jurisdiction over PLAINTIFF-IN-LIMITATION's Complaint for Exoneration or Limitation.

In 1851, Congress laid the foundation for the present system of limitation of liability by enacting the Limitation of Shipowners' Liability Act; however, the origins of limitation of liability can be traced much further back to English admiralty law. The Limitation of Liability Act, 46 U.S.C. § 30501, *et seq.*, creates a system whereby the liability of the owner of a vessel is limited to the value of the owner's interest in the vessel. Limitation of liability proceedings are governed by the Federal Rules of Civil Procedure generally, and by Rule F of the Supplemental Rules specifically. A limitation proceeding is admittedly "unusual" and "unique," but is an integral part of admiralty law.

Only a U.S. District Court can adjudicate the issue of a vessel owner's right to limitation of liability. Ex Parte Green, 286 U.S. 437, 439–40 (1932) ("It is clear from our opinion that the state court has no jurisdiction to determine the question of the owners' right to a limited liability"); See also Anderson v. Nadon, 360 F.2d 53 (9th Cir. 1966). Therefore, this Court has exclusive jurisdiction over PLAINTIFF-IN-LIMITATION's Complaint for exoneration or limitation.

### B. The Stipulation for Value and Costs and Letter of Undertaking Should be Approved.

Supplemental Rule F(1) provides, in pertinent part: "The owner [a] shall deposit with the court, for the benefit of claimants, a sum equal to the amount or value of the owner's interest in the vessel and pending freight, or approved security therefor... The plaintiff shall also give security for costs…" Suppl. Rule F(1)(a).

The phrase "Stipulation for Value" is a traditional term used in maritime limitation of liability actions. The word "stipulation" does not connote a final decision on the value of the vessel, nor is it a stipulation between the parties as to the value of the vessel. It is only a preliminary determination as to the vessel's value, based solely on the plaintiff-in-limitation's good faith estimate and the allegations of the complaint. Upon filing a claim, any claimant may contest the sufficiency of the "limitation fund" as set forth in Supplemental Rule F(7):

> Any claimant may by motion demand that the funds deposited in court or the security given by the [vessel owner] be increased on the ground that they are less than the value of the [owner's] interest in the vessel and pending freight. Thereupon the court shall cause due appraisement to be made of the value of the [owner's] interest in the vessel and pending freight; and if the court finds that the deposit or security is either insufficient or excessive it shall order its increase or reduction.

Suppl. Rule F(7). A letter of undertaking has been deemed to suffice as adequate security. Complaint of Dammers and Vanderheide, 836 F.2d 750, 753 (2d Cir. 1988). Simply stated, this is the first procedural step in a limitation action and a condition precedent to the issuance of the monition and restraining order. The Stipulation for Value and Costs and Letter of Undertaking has been filed (Docket Entry 4). The PLAINTIFF-IN-LIMITATION respectfully requests the Proposed Order Approving Stipulation for Value and Costs and Letter of Undertaking submitted as Docket Entry 5-1 be executed.

### C. The Monition and Restraining Order Should Issue, and Public Notice Be Made.

The document entitled "Order Directing Monition to Issue, Public Notice, and Restraining All Suits" submitted as Docket Entry 5-2 is designed to comply with and effectuate the procedural requirements of Supplemental Rules F(3) and (4), and is the second procedural step in a limitation action.

First, in regard to the restraining order, the Court's attention is directed to Supplemental Rule F(3):

> Upon compliance by the owner with the requirements of subdivision (1) of this rule all claims and proceedings against the owner or the owner's property with respect to the matter in question <u>shall</u> cease. On application of the [vessel owner] the court shall enjoin the further prosecution of any action or proceeding against the [vessel owner] or the [vessel owner's] property with respect to any claim subject to limitation in the action.

Suppl. Rule F(3) (emphasis added). Thus, although the restraining order may later be lifted, or modified, in the first instance it must be granted. Moreover, despite the extraordinary appearance of this request, PLAINTIFF-IN-LIMITATION is merely seeking, procedurally, that which he is entitled under Supplemental Rule F(3).

Second, in regard to the Monition/ Notice of Complaint, the Court's attention is directed to Supplemental Rule F(4):

> Upon the owner's compliance with subdivision (1) of this rule the court <u>shall</u> issue a notice to all persons asserting claims with respect to which the complaint seeks limitation, <u>admonishing them to file</u> <u>their respective claims with the clerk of the court and to serve on the</u> <u>attorneys for the [vessel owner] a copy thereof on or before a date</u> <u>to be named in the notice</u>.

Suppl. Rule F(4) (emphasis added).

The Monition/Notice of Complaint is a mandatory order admonishing all claimants to present their claims in this action and/or answer the Complaint on or before a certain date. It provides the means by which the Court gives formal notice to the world that this limitation proceeding has commenced and that all claims subject to limitation must be made herein. The Court's attention is called to Supplemental Rule F(4) which provides, in pertinent part, as follows:

> Upon the owner's compliance with subdivision (1) of this rule the court shall issue a notice to all persons asserting claims with respect to which the complaint seeks limitation… The notice shall be published in such newspaper or newspapers as the court may

5

> direct once a week for four successive weeks prior to the date
> fixed for the filing of claims.

Suppl.Rule F(4).

The document entitled "Order Directing Monition to Issue, Public Notice and Restraining All Suits" submitted as Docket Entry 5-2 is an order by the Court designed to execute and give notice of the monition in accordance with the foregoing provisions. The proposed order directs PLAINTIFF-IN-LIMITATION to publish notice of this action and the Court's monition in the form of the document entitled "Monition/Notice of Complaint for Exoneration from or Limitation of Liability" attached as Exhibit 1. That document complies with the requirements of Rule F(4).

Procedurally, PLAINTIFF-IN-LIMITATION will be presented with the Order and a copy of the Notice. PLAINTIFF-IN-LIMITATION can then publish the Notice as directed by the Court. Until these documents have been executed by the Court, PLAINTIFF-IN-LIMITATION has no authority to present the Monition/Notice of Complaint for publication.

## III. CONCLUSION

Simultaneously with the filing of the Complaint over which this Court has exclusive jurisdiction, PLAINTIFF-IN-LIMITATION filed with the Court four (4) additional documents, each designed to fulfill the procedural requirements of a limitation action as set forth in Supplemental Rules F(1) through (9). Each document complies with requirements of the corresponding rule. Thus, it is respectfully requested that the Court issue the requested orders.

**[SIGNATURE BLOCK ON FOLLOWING PAGE]**

RESPECTFULLY SUBMITTED,

**TECKLENBURG & JENKINS, LLC**

s/ *Paul F. Tecklenburg*
Paul F. Tecklenburg, Fed. ID #3702
Rivers T. Jenkins, III, Fed. ID #5631
1819 Meeting Street Road, Suite A (29405)
P.O. Box 20667
Charleston, South Carolina 29413
Telephone: (843) 534-2628
Facsimile: 843-534-2629
pft@tecklaw.net
rtj@tecklaw.nett

*Counsel for Plaintiff-in-Limitation,*
*Moran Environmental Recovery, LLC*

Charleston, South Carolina

August 29, 2018