IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION
IN ADMIRALTY

| | |
|---|---|
| In the matter of the Complaint of MORAN ENVIRONMENTAL RECOVERY, LLC, as the owner of the Vessel "Miss June" and her engines, Tackle, appurtenances, etc.<br><br>For exoneration from, or limitation of, Liability, | Civil Action No.: 2:18-cv-02396-DCN<br><br>ANSWER, AFFIRMATIVE DEFENSE AND CLAIM OF TIFFANY PROVENCE, ESQ, PERSONAL REPRESENTATIVE OF THE ESTATE OF DAVID WAYNE RAFFERTY |

Tiffany Provence, Esq., Personal Representative of the Estate of David Wayne Rafferty ("Claimant"), files this Answer, Affirmative Defense and Claim in response to Plaintiff's complaint for exoneration from or limitation of liability and states as follows:

1. Each and every allegation not specifically admitted or explained is denied.

2. Claimant admits that this is a case of admiralty and maritime jurisdiction as alleged in paragraph 1 of Plaintiff's complaint.

3. Claimant admits the allegations of paragraph 2 of Plaintiff's complaint.

4. Claimant admits the allegations of paragraph 3 that MER is the owner and operator of the vessel set forth in the complaint but is not required to admit or deny the remaining allegations as such contain a legal conclusion.

5. Claimant admits the allegations of paragraph 4 that MER was the owner and operator of the vessel but denies it is entitled to protection provided by the Limitation of Liability Act, 46 U.S.C. § 30511.

6. Claimant admits the allegations of paragraph 5 insofar as they describe the vessel and admits so much of the exhibits attached as alleges that David Wayne Rafferty was injured while occupying the MER vessel but is without sufficient information as to the remaining

allegations concerning exhibits 1 and 2 therefore denies same and demands strict proof thereof.

7. Claimant admits so much of the allegations of paragraph 6 as alleges counsel for the Personal Representative of David Wayne Rafferty asserted claims but is without sufficient information as to the remaining allegations and therefore denies same and demands strict proof thereof.

8. Claimant admits the allegations of paragraph 7.

9. Claimant admits so much of the allegations of paragraph 8 as alleges that Barnett was an employee of MER and was operating the vessel referred to in the complaint which struck a contraction dike in the Cooper River, North Charleston, South Carolina but is without sufficient information as to the remaining allegations and therefore denies same.

10. Claimant admits so much of the allegations of paragraph 9 as alleges that David Wayne Rafferty was injured in the collision with the contraction dike, and subsequently died, but denies the remaining allegations.

11. Claimant admits the allegations of paragraph 10 of the Petition.

12. Claimant admits the allegations of paragraph 11 of the Petition.

13. Claimant admits so much of the allegations of paragraph 12 and 13 of the complaint as alleges that the vessel is in possession of Plaintiff at 2668 Spruill Avenue, North Charleston South Carolina but is without information as to the remaining allegations and therefore denies same.

14. Claimant denies the allegations of paragraph 14 and 15 of the Petition.

**FURTHER ANSWERING AND FOR A FURTHER AFFIRMATIVE DEFENSE**

15. Claimant, in filing this answer reserves all rights to pursue all available claims and remedies in the forum of her choosing, including state court for resolution of any and all issues beyond exclusive jurisdiction of this Admiralty Court, and to have such claims and related damages tried before a jury. The filing of this Answer in no way constitutes a waiver of these rights and defenses, and Claimant does not, through this filing, agree to join all issues in this proceeding.

**FURTHER ANSWERING AND FOR A FURTHER AFFIRMATIVE DEFENSE**

16. Claimant, in filing this Answer, reserves the right to move for bifurcation of this action so as to enable Claimant to select a court and/or forum of her choosing for all fact issues other than whether Plaintiff was negligent, whether the vessel in question was seaworthy, and whether such negligence, and/or unseaworthiness was with Plaintiff's knowledge or privity.

**FURTHER ANSWERING AND FOR A FURTHER AFFIRMATIVE DEFENSE**

17. Rule F(1) of the Supplemental Rules for Certain Admiralty and Maritime Claims requires proper deposit at the time of filing of the limitation action. Upon information and belief Plaintiff failed to satisfy this requirement, and their Complaint must therefore be dismissed.

**FURTHER ANSWERING AND FOR A FURTHER AFFIRMATIVE DEFENSE**

18. Plaintiff is not entitled to exoneration from or limitation of liability, and the Complaint should therefore be denied, because the events culminating in the injuries to David Wayne Rafferty were the result of the conduct of the owner of the vessel and the loss and damage occasioned did not occur without the privity or knowledge of the Plaintiff, were the result of the negligence or fault of Plaintiff, the negligence or fault of those for whom Plaintiff

is responsible, the unseaworthiness of the vessel, all of which was within the privity and knowledge of Plaintiff .

**AND NOW**, specifically reserving all defenses asserted herein, Claimant files her Claim in the Complaint for exoneration from or limitation or liability, and states that:

### CLAIM

1. Claimant reasserts each and every defense and objection set forth above as if stated verbatim.
2. As a result of the incident of the vessel set forth in the complaint on the date stated, David Wayne Rafferty suffered injuries and damages. During the event culminating in the vessel's incident, Claimant sustained serious physical and mental injuries and ultimately died.
3. Throughout the vessel's voyage until his injury Claimant was a seaman of the vessel at issue.
4. As owner/operator of the vessel, Plaintiff owed a duty to provide a seaworthy vessel, equipment and appurtenances reasonably fit for the intended use. Plaintiff breached this duty by virtue of one or more of the following:
    a. Using a vessel with equipment and appurtenances that was unseaworthy when they knew or should have known said failure created an unsafe condition;
    b. Failing to ensure the safety and well-being of the seaman and/or crew on the vessel;
    c. Failing to exercise due care and caution concerning the vessel.
5. At all times material the vessel at issue was operated upon navigable waters of the United States and Claimant was a seaman performing work aboard the vessel.

**FIRST CLAIM FOR RELIEF – JONES ACT (NEGLIGENCE)**

6. Claimant realleges and repeats each and every allegation set forth above as if set forth verbatim herein.

7. At the time and aboard the vessel described herein, Plaintiff through its agents and employees, was negligent in one or more of the following particulars:

   a. In failing to warn David Wayne Rafferty of the hazardous condition of the vessel;

   b. In failing to provide adequate, or any, signage alerting David Wayne Rafferty of the hazardous conditions on the deck;

   c. In failing to keep a proper lookout for safety of its crew members;

   d. In failing to properly secure the gas tank of the vessel;

   e. In failing to exercise that degree of care which a reasonably prudent person would have exercised under the same or similar circumstances.

8. As a result of Plaintiff's negligence, Claimant's decedent was made to risk his personal wellbeing causing his leg to be traumatically amputated, resulting in extensive surgery, physical and mental pain, suffering, discomfort, loss of strength, interference with activities, loss of enjoyment of life, permanent injury, increased susceptibility to future degeneration, all to his economic damage in a reasonable sum to be determined at a trial.

9. As a further result of Plaintiff's negligence, Claimant has incurred past medical expenses and has suffered past lost wages and loss of earning capacity all to Claimant's economic damage in an amount to be determined at a trial.

**SECOND CLAIM FOR RELIEF – UNSEAWORTHINESS**

10. Claimant realleges each and every allegation set forth above as if set forth verbatim herein.

11. At the time and aboard the vessel described above Miss June was unseaworthy in one or more of the following particulars:

   a. Safety hazard existed where crewmembers routinely moved about;

   b. No warning, including signage, was present to alert crewmembers of the hazardous condition on the deck;

   c. The operator of the vessel lacked sufficient equipment so as to operate the vessel in a safe manner and have avoided the collision set forth in the Petition.

12. As a result of the unseaworthiness of Miss June, Claimant's decedent was made to risk his personal wellbeing causing him to suffer and the traumatic amputation of his leg and other injuries set forth above, and his death.

13. As a further result of the unseaworthiness Claimant has incurred medical expenses, loss of wages and loss of his earning capacity and economic damage and his son, Dillon Rafferty, as a result of all of the above, has suffered the loss of services, security, companionship, comfort and joy of a loving father and has suffered deep wounded feelings and great grief and sorrow, the loss of his father's love and affection, and he has lost the income which he was providing and which he would have potentially provided during his normal life expectancy and the expectancy of additional inheritance and he has suffered pecuniary loss and has been otherwise damaged by reason of David Wayne Rafferty's death.

By: s/Gedney M. Howe, III
Gedney M. Howe, III (Fed Bar #1971)
Law Offices of Gedney M Howe, III, PA
PO Box 1034
Charleston, SC  29402
Phone:  843-722-8048
Fax:  843-722-2140
Email:  ghowe@gedneyhowe.com

A. Elliott Barrow, Jr. (Fed Bar #1222)
Barrow Law Firm, LLC
1051 Chuck Dawley Blvd.
Mt. Pleasant, SC  29464
Phone:  843-352-1440
Fax:  843-352-1441
Email: blf@barrowlawfirm.com

Attorneys for Claimant

October 15, 2018

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION
IN ADMIRALTY

In the matter of the Complaint of ) Civil Action No.: 2:18-cv-02396-DCN
MORAN ENVIRONMENTAL )
RECOVERY, LLC, as the owner of the )
Vessel "Miss June" and her engines, ) **VERIFICATION**
Tackle, appurtenances, etc. )
)
For exoneration from, or limitation of, )
Liability, )
)

Personally appeared before me the undersigned Tiffany Provence, Esq., Personal Representative of the Estate of David Wayne Rafferty, who being duly sworn deposes and says that she has read the foregoing Answer, Affirmative Defense and Claim and that the allegations thereof are true and correct to the best of her information, knowledge and belief.

_____
Tiffany Provence

SWORN to before me this 15th day
of October, 2018.

_____
Notary Public for South Carolina
My Commission Expires: Feb. 25, 2026

1