IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION
IN ADMIRALTY

| | |
|---|---|
| In the matter of the Complaint of MORAN ENVIRONMENTAL RECOVERY, LLC, as the owner of the Vessel "Miss June" and her engines, Tackle, appurtenances, etc.<br><br>For exoneration from, or limitation of, Liability, | Civil Action No.: 2:18-cv-02396-DCN<br><br>**Answer, Affirmative Defense, and Claim of Penny J. Barnett as Personal Representative of the Estate of Edward Barnett** |

Penny J. Barnett, Personal Representative of the Estate of Edward Barnett ("Claimant"), files this Answer, Affirmative Defense, and Claim in response to the Complaint of Plaintiff Moran Environmental Recovery, LLC for exoneration from or limitation of liability and states as follows:

1. Each and every allegation not specifically admitted or explained is denied.

2. Claimant admits that this is a case of admiralty and maritime jurisdiction as alleged in paragraph 1 of Plaintiff's Complaint.

3. Claimant admits the allegations of paragraph 2 of Plaintiff's Complaint.

4. Claimant admits that Plaintiff is the owner and operator of the subject vessel as alleged in paragraph 3 of the Complaint. Plaintiff is not required to admit or deny the remaining allegations of paragraph 3 of the Complaint as such contain legal conclusions.

5. Claimant admits that Plaintiff was the owner and operator of the vessel as alleged in paragraph 4 of the Complaint but denies Plaintiff is entitled to protection provided by the Limitation of Liability Act, 46 U.S.C. § 30511.

6. Claimant admits the allegations of paragraph 5 of the Complaint insofar as the allegations describe the vessel and admits so much of the referenced Exhibits that allege Edward

1

Barnett was injured while occupying the subject vessel. Claimant is without sufficient information as to the remaining allegations in the referenced Exhibits and therefore denies same and demands strict proof thereof.

7. Claimant admits the allegation of paragraph 6 of the Complaint that counsel for the Personal Representative of Edward Barnett asserted claims but is without sufficient information as to the remaining allegations of said paragraph and therefore denies same and demands strict proof thereof.

8. Claimant admits the allegations of paragraph 7 of the Complaint.

9. To the extent Plaintiff alleges Edward Barnett's death was immediate and without pain and suffering, such allegation is denied. Claimant admits the allegations of paragraph 8 of the Complaint that allege Barnett was an employee of Plaintiff and died as a result of the vessel striking a contraction dike in the Cooper River, North Charleston, South Carolina. Claimant is without sufficient information as to the remaining allegations of paragraph 8 and therefore denies same.

10. Claimant admits the allegations of paragraph 9 of the Complaint that allege Daniel Wayne Rafferty was injured in the collision with the contraction dike and subsequently died. Claimant denies the remaining allegations of paragraph 9 of the Complaint.

11. Claimant admits the allegations of paragraph 10 of the Complaint.

12. Claimant admits the allegations of paragraph 11 of the Complaint.

13. Claimant admits the allegations of paragraphs 12 and 13 of the Complaint that allege the vessel is in possession of Plaintiff at 2668 Spruill Avenue, North Charleston South Carolina. Claimant is without information as to the remaining allegations of paragraphs 12 and 13 of the Complaint and therefore denies same.

14. Claimant denies the allegations of paragraphs 14 and 15 of the Complaint.

**FURTHER ANSWERING AND FOR A FURTHER AFFIRMATIVE DEFENSE**

15. Claimant, in filing this Answer, reserves all rights to pursue all available claims and remedies in the forum of her choosing, including state court, for resolution of any and all issues beyond the exclusive jurisdiction of this Admiralty Court, and to have such claims and related damages tried before a jury. The filing of this Answer in no way constitutes a waiver of these rights and defenses, and Claimant does not, through this filing, agree to join all issues in this proceeding.

**FURTHER ANSWERING AND FOR A FURTHER AFFIRMATIVE DEFENSE**

16. Claimant, in filing this Answer, reserves the right to move for bifurcation of this action so as to enable Claimant to select a court and/or forum of her choosing for all fact issues other than whether Plaintiff was negligent, whether the vessel in question was seaworthy, and whether such negligence, and/or unseaworthiness was with Plaintiff's knowledge or privity.

**FURTHER ANSWERING AND FOR A FURTHER AFFIRMATIVE DEFENSE**

17. Rule F(1) of the Supplemental Rules for Certain Admiralty and Maritime Claims requires proper deposit at the time of filing of the limitation action. Upon information and belief, Plaintiff failed to satisfy this requirement Plaintiff's Complaint must therefore be dismissed.

## FURTHER ANSWERING AND FOR A FURTHER AFFIRMATIVE DEFENSE

18. Plaintiff is not entitled to exoneration from or limitation of liability and the Complaint should therefore be denied, because the events culminating in the injuries to Edward Barnett were the result of the owner of the vessel and the loss and damage occasioned did not occur without the privity or knowledge of Plaintiff, were the result of the negligence or fault of Plaintiff, the negligence or fault of those for whom Plaintiff is responsible, the unseaworthiness of the vessel, all of which was within the privity and knowledge of Plaintiff.

**AND NOW**, specifically reserving all defenses asserted herein, Claimant files her Claim in the Complaint for exoneration from or limitation or liability, and states that:

## CLAIM

1. Claimant reasserts each and every defense and objection set forth above as if stated verbatim.
2. As a result of the incident of the vessel set forth in the Complaint on the date stated, Edward Barnett suffered injuries and damages. During the event culminating in the vessel's accident, Claimant sustained serious physical and mental injuries and ultimately died.
3. Throughout the vessel's voyage until his injury, Claimant was a seaman of the vessel at issue.
4. As owner/operator of the vessel, Plaintiff owed a duty to provide a seaworthy vessel, equipment, and appurtenances reasonably fit for the intended use. Plaintiff breached this duty by virtue of one or more of the following:

a. Using a vessel with equipment and appurtenances that made the vessel unseaworthy when Plaintiff knew or should have known that the use of said equipment and appurtenances created an unsafe condition;

b. Failing to ensure the safety and well-being of the seaman and/or crew on the vessel;

c. Failing to exercise due care and caution concerning the vessel.

5. At all times material the vessel at issue was operated upon navigable waters of the United States and Claimant was a seaman performing work aboard the vessel.

**FIRST CLAIM FOR RELIEF – JONES ACT (NEGLIGENCE)**

6. Claimant realleges and repeats each and every allegation set forth above as if set forth verbatim herein.

7. At the time and aboard the vessel described herein, Plaintiff through its agents and employees, was negligent in one or more of the following particulars:

    a. In failing to warn Edward Barnett of the hazardous condition of the vessel;

    b. In failing to provide adequate, or any, signage alerting Edward Barnett of the hazardous conditions on the vessel;

    c. In failing to keep a proper lookout for safety of its crew members;

    d. In failing to properly secure the gas tank of the vessel;

    e. In failing to exercise that degree of care which a reasonably prudent entity would have exercised under the same or similar circumstances.

8. As a result of Plaintiff's negligence, Claimant's decedent was made to risk his personal well-being resulting in catastrophic injuries, physical and mental pain, suffering, discomfort, loss of strength, interference with activities, loss of enjoyment of life,

permanent injury, increased susceptibility to future degeneration, all to his economic damage and death in a reasonable sum to be determined at a trial.

9. As a further result of Plaintiff's negligence, Claimant has incurred various household expenses and has suffered household lost wages and loss of household earning capacity all to Claimant's economic damage in an amount to be determined at a trial.

## SECOND CLAIM FOR RELIEF – UNSEAWORTHINESS

10. Claimant realleges each and every allegation set forth above as if set forth verbatim herein.

11. At the time and aboard the vessel described above, Miss June was unseaworthy in one or more of the following particulars:

    a. Safety hazard in which crewmembers were exposed existed on the vessel;

    b. No warning, including signage, was present to alert crewmembers of the hazardous condition on the vessel;

    c. The vessel lacked sufficient equipment so as to allow the vessel to be operated in a safe manner and avoid the collision set forth in the Complaint.

12. As a result of the unseaworthiness of Miss June, Claimant's decedent was made to risk his personal well-being causing him to suffer the injuries set forth herein and his death.

13. As a further result of the unseaworthiness of Miss June, Claimant has incurred loss of household wages, loss of household earning capacity, and economic damage as a result of the death of Edward Barnett and further Claimant has suffered the loss of family services, consortium, security, companionship, comfort, and joy of a loving spouse and has suffered deep wounded feelings and great grief and sorrow, the loss of decedent's love and affection, the loss of income Edward Barnett was providing and which he would

have provided during his normal life expectancy, the loss of expectancy of additional inheritance, pecuniary loss, and otherwise damaged by reason of the death of Edward Barnett.

        **O'Shea Law Firm, LLC**

        s/Brooklyn A. O'Shea
        Brooklyn A. O'Shea
        Federal ID: 12681
        Ian R. O'Shea
        Federal ID: 11879
        1120 Folly Road
        Charleston, SC 29412
        843-805-4943 office
        brook@theoshealawfirm.com
        ioshea@theoshealawfirm.com

        **Joye Law Firm, LLP**

        s/Christopher J. McCool
        Christopher J. McCool
        Federal ID: 5747
        5861 Rivers Avenue
        North Charleston, SC 29406
        843-554-3100 office
        cmccool@joyelawfirm.com

        *Attorneys for Penny J. Barnett as Personal*
        *Representative of the Estate of Edward Barnett*

Charleston, South Carolina
October 16, 2018

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION
IN ADMIRALTY

| | |
|---|---|
| In the matter of the Complaint of ) <br> MORAN ENVIRONMENTAL ) <br> RECOVERY, LLC, as the owner of the ) <br> Vessel "Miss June" and her engines, ) <br> Tackle, appurtenances, etc. ) <br> ) <br> For exoneration from, or limitation of, ) <br> Liability, ) <br> _____ ) | Civil Action No.: 2:18-cv-02396-DCN <br><br> **VERIFICATION** |

Personally appeared before me the undersigned Penny J. Barnett, Personal Representative of the Estate of Edward Barnett, who being duly sworn deposes and says that she has read the foregoing Answer, Affirmative Defense and Claim and that the allegations thereof are true and correct to the best of her information, knowledge, and belief.

_____
Penny J. Barnett

SWORN to before me this 16 day of October, 2018.

_____
Notary Public for South Carolina
My Commission Expires: 9-21-22

1