IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION
IN ADMIRALTY

| | |
|---|---|
| In the matter of the Complaint of MORAN ENVIRONMENTAL RECOVERY, LLC, as the owner of the vessel "Miss June" and her engines, tackle, appurtenances, etc.<br><br>For exoneration from, or limitation of, liability. | Civil Action No.: 2:18-cv-02396-DCN<br><br>**RESPONSE TO CLAIM OF TIFFANY PROVENCE, ESQUIRE, PERSONAL REPRESENTATIVE OF THE ESTATE OF DAVID WAYNE RAFFERTY** |

Plaintiff-in-Limitation Moran Environmental Recovery, LLC ("Moran"), answering the Claim of Tiffany Provence, Esquire, Personal Representative of the Estate of David Wayne Rafferty, would allege and say:

1. Each and every allegation of the Claim not herein specifically admitted is expressly denied.

2. In response to Paragraph 1 of the Claim, Moran re-asserts the allegations of its Complaint.

3. Moran admits so much of the allegations contained in Paragraph 2 as allege that "as a result of the incident of the vessel set forth in the Complaint on the date dated, David Wayne Rafferty suffered physical injuries and ultimately died." However, Moran denies all remaining allegations contained in Paragraph 2.

4. Moran admits the allegations of Paragraph 3 of the Claim.

5. Moran denies the allegations of Paragraph 4 of the Claim.

6. Moran admits the allegations of Paragraph 5 of the Claim.

**Responding to First Claim for Relief – Jones Act (Negligence)**

7. In response to Paragraph 6 of the Claim, each and every defense or allegation set forth above is realleged and repeated herein as if set forth verbatim.

8. Moran denies the allegations of Paragraph 7, 8, and 9 of the Claim.

## Responding the Second Claim for Relief – Unseaworthiness

9. In response to Paragraph 10 of the Claim, each and every defense or allegations set forth above is realleged and repeated herein as if set forth verbatim.

10. Moran denies the allegations of Paragraph 11, 12, and 13 of the Claim.

## FIRST DEFENSE

1. Each and every defense or allegation set forth hereinabove is realleged and repeated here verbatim.

2. Claimant's Claim fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

3. Each and every defense or allegation set forth hereinabove is realleged and repeated here verbatim.

4. The injuries and damages complained of, if any, by the Claimant, were not due to any negligence, fault or want of due care on the part of the Plaintiff-in-Limitation, or its failure to provide Claimant with adequate and safe equipment or a safe place to work; rather, Claimant's alleged injuries and damages are solely due to and caused by the negligence, fault and or want of due care on the part of the Claimant. In the alternative, if any liability is found against the Plaintiff-in-Limitation, then the Claimant is guilty of comparative or contributory negligence which was the proximate cause of his injuries, in such particulars as will be shown at trial, which comparative or contributory negligence is pleaded in mitigation or embar to the injuries or damages complained of by the Claimant, and requires the reduction of such damages.

**THIRD DEFENSE**

5. Each and every defense or allegation set forth hereinabove is realleged and repeated here verbatim.

6. If the Claimant was required to use any tools and/or equipment or to perform any procedures that caused or contributed to any injury, which is denied, the Claimant misused any such tools and/or equipment and/or failed to properly and carefully perform such procedures, which cause or contributed to produce the injuries alleged.

**FOURTH DEFENSE**

7. Each and every defense or allegation set forth hereinabove is realleged and repeated here verbatim.

8. The damages alleged by the Claimant were the result of intervening and/or superseding causes that were not related to any acts or omissions of the Plaintiff-in-Limitation.

**FIFTH DEFENSE**

9. Each and every defense or allegation set forth hereinabove is realleged and repeated here verbatim.

10. Plaintiff-in-Limitation avers that the Claimant's alleged injuries, if any, were caused by preexisting conditions, or other conditions or factors.

**SIXTH DEFENSE**

11. Each and every defense or allegation set forth hereinabove is realleged and repeated here verbatim.

12. Plaintiff-in-Limitation denies any of its actions or omissions or the acts or omissions of its agents and employees proximately caused Claimant's alleged injuries.

**SEVENTH DEFENSE**

13. Each and every defense or allegation set forth hereinabove is realleged and repeated here verbatim.

14. In the alternative, without waiving its denial of liability to Claimant, Plaintiff-in-Limitation avers that it is entitled to apportionment of any awarded damages against it among other parties and other causes which contributed to Claimant's alleged injuries and damages.

## EIGHTH DEFENSE

15. Each and every defense or allegation set forth hereinabove is realleged and repeated here verbatim.

16. To the extent that Claimant has entered into settlements or received funds for the alleged injuries and damages made the basis of this action with other persons, corporations, entities or firms which are not parties to this action, any damages recoverable by Claimant in this action should be offset or reduced by the total amount of such settlements.

## NINTH DEFENSE

17. Each and every defense or allegation set forth hereinabove is realleged and repeated here verbatim.

18. Plaintiff-in-Limitation is entitled to exoneration from, or, to limit its liability pursuant to the Limitation of Liability Act, 46 U.S.C. § 181 *et seq.* to the value of the MISS JUNE and her engines which is the subject of the action.

## TENTH DEFENSE

19. Each and every defense or allegation set forth hereinabove is realleged and repeated here verbatim.

20. Plaintiff-in-Limitation denies that it violated the general maritime laws of the United States, the maritime laws of the United States as modified by the Jones Act, the maritime laws of the

United States as modified by the Longshore and Harbor Workers' Compensation Act, or any other laws, and further denies that it was negligent or breached any duty owing to the Claimant.

**ELEVENTH DEFENSE**

21. Each and every defense or allegation set forth hereinabove is realleged and repeated here verbatim.

22. Plaintiff-in-Limitation may rely upon all properly provable defenses, including but not limited to prior injury, release, statute of limitations, waiver, and any other affirmative defenses based on facts not yet discovered, and reserves the right to assert such defenses in mitigation of or embar to Claimant's claims, to amend its Response, and to amend and allege additional affirmative defenses of which it becomes aware up to and including the time of trial.

WHEREFORE, having fully responded to Tiffany Provence, Esquire, Personal Representative of the Estate of David Wayne Rafferty's Claim, Plaintiff-in-Limitation Moran Environmental Recovery, LLC prays the same be dismissed with costs assessed against Claimant.

TECKLENBURG & JENKINS, LLC

*s/ Paul F. Tecklenburg*
Paul F. Tecklenburg, Fed. ID #3702
Rivers T. Jenkins, III, Fed. ID #5631
1819 Meeting Street Road, Suite A(29405)
P.O. Box 20667, Charleston, SC 29413
Tel: (843) 534-2628; Fax: (843) 534-2629
pft@tecklaw.net; rtj@tecklaw.net
*Attorneys for Plaintiff-in-Limitation*

Charleston, South Carolina
November 26, 2018