# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION
# IN ADMIRALTY

| | |
|---|---|
| In the matter of the Complaint of MORAN ENVIRONMENTAL RECOVERY, LLC, as the owner of the vessel "Miss June" and her engines, tackle, appurtenances, etc.<br><br>For exoneration from, or limitation of, liability. | Civil Action No.: 2:18-cv-02396-DCN<br><br>**PLAINTIFF-IN-LIMITATION'S**<br>**LOCAL RULE 26.03 DISCLOSURES** |

The Plaintiff-in-Limitation, Moran Environmental Recovery, LLC (hereinafter "MER" or "Plaintiff-in-Limitation") submits the following information in response to and in compliance with the requirements of Rule 26.03 of the Local Civil Rules of the United States District Court for the District of South Carolina. Moran reserves the right to amend and/or supplement these answers as discovery continues and additional information becomes available.

**(1)  A short statement of the facts of the case.**

Response:  Moran provides linesman services to vessels mooring at private facilities at the Port of Charleston. In order to perform this work, employees are ordinarily assigned to work skiffs to travel from Moran's facility at the former naval shipyard to the berth of the vessel to be worked. Claimants Rafferty and Barnett were part-time linesman with approximately two (2) years experience at Moran. On July 6, 2018 they were assigned to the skiff MISS JUNE to perform line handling services for a fuel barge and tug at Kinder Morgan Dock No. 4. Barnett and Rafferty were en route to Kinder Morgan Dock No. 4 at approximately 22:30. Two other part-time Moran employees, Quattlebaum and Murphy, were assigned to a second skiff named MISS CAROL to assist Barnett and Rafferty. Murphy and Barnett were the operators of their respective skiffs. All tasks were completed by approximately 23:10.

At the conclusion of mooring operations, Rafferty and Barnett left the Kinder Morgan dock in the MISS JUNE and Quattlebaum and Murphy were some distance behind in the MISS CAROL. Barnett operated the MISS JUNE in a northerly direction on the Cooper River towards the Daniel Island Bend. Barnett approached a metal contraction dike installed by the Army Corps of Engineers that extrudes approximately

500 feet or more into the Cooper River. MISS JUNE allided with the eastern end of the dike. The MISS JUNE was first discovered at the dike by Quattlebaum and Murphy. Quattlebaum is a licensed medic that is employed by a local fire department.

Barnett and Rafferty were both unconscious upon their co-employee's arrival. In addition, a fuel tank installed by the vessel manufacturer had broken loose and amputated Rafferty's leg. Both Murphy and Quattlebaum took all appropriate efforts to render aid until equipped medical personnel arrived. The location of the contraction dike is near the North Charleston Fire Department docks on the Cooper River, so the response was rapid. Moran is unaware of any evidence that Barnett or Rafferty were ever conscious during their attempted recovery or Rafferty's hospital stay thereafter. Barnett was declared dead at the scene and Rafferty remained in the hospital until his death.

Plaintiff-in-Limitation filed the within action because any damages claimed by Rafferty or Barnett's decedents was caused without the fault, privity or knowledge of Moran. Accordingly, Moran requests that this Honorable Court exonerate the Plaintiff-in-Limitation, or alternatively, adjudge Moran's liability to be limited to the value of its interest in the vessel at the time of the casualty. According to a survey of Knox Marine filed in the within action, the motors and equipment have a post-accident fair market value of $14,400.00.

**(2)  The names of fact witnesses likely to be called by the party and a brief summary of their expected testimony.**

<u>Response</u>:

1. R. Matthew Murphy
   1465 Glenco Drive
   Mt. Pleasant, SC 29464

   Mr. Murphy was a co-worker of the Claimants and will testify regarding the work completed on July 6, 2018 and his efforts to assist the Claimants.

2. D. Andrew Quattlebaum
   361 Oxford Road
   Ladson, SC 29456

   Mr. Quattlebaum was a co-worker of the Claimants and will testify regarding the work completed on July 6, 2018 and his efforts to render aid to the Claimants.

3. Adam Lee Smoak
   c/o Moran Environmental Recovery, LLC
   P.O. Box 70040
   Charleston, SC 29415

Mr. Smoak was the Claimants' immediate supervisor and will testify regarding the accident scene.

4. Chris Barnett
   c/o Moran Environmental Recovery, LLC
   P.O. Box 70040
   Charleston, SC 29415

   Mr. Barnett hired his father to work for Moran and is familiar with his father's skills as a vessel operator.

5. Lance Corporal Jeffrey Day
   South Carolina DNR
   100 Assembly Street
   P. O. Box 167
   Columbia, SC 29202

   Corporal Day will testify regarding his accident investigation.

6. Michael J. Bowers, CP
   North Charleston Fire Department
   2500 City Hall Lane
   N. Charleston, SC 29406

   Mr. Bowers will testify regarding his response to the accident.

7. Richard Roland Dube, FF
   North Charleston Fire Department
   2500 City Hall Lane
   N. Charleston, SC 29406

   Mr. Dube will testify regarding his response to the accident.

8. 30(b(6) Witness(es) for U.S. Coast Guard

9. 30(b)(6) Witness(es) for U.S. Army Corp of Engineers

10. Any expert in any field who has, may, or will be retained in the future.

10. Any witness identified in discovery or deposed in the case.

11. Any witness necessary for impeachment.

**(3) The names and subject matter of expert witnesses (if no witnesses have been identified, the subject matter and field of expertise should be given as to experts likely to be offered).**

Response: Moran has not identified any expert witnesses to testify at trial at this time. It is expected Moran may identify experts in the fields of vessel operations and damages.

**(4) A summary of the claims or defenses with statutory and/or case citations supporting the same.**

Response: Moran is an owner and operator of the MISS JUNE and is entitled to all protection provided by the Limitation of Liability Act, 46 USC Sec. 30511.

**(5) Absent special instructions from the assigned judge, the parties shall propose dates for the following deadlines listed in Local Civil Rule 16.02:**

**(a) Exchange of Fed. R. Civ. P. 26(a)(2) expert disclosures.**

Response: In accordance with the parties' Consent Amended Scheduling Order submitted to the court concurrent with the filing of the Joint Rule 26(f) Report, the following disclosure dates have been proposed:

Claimants: April 26, 2019;
Plaintiff-in-Limitation: May 31, 2019

**(b) Completion of discovery.**

Response**:** In accordance with the parties' Consent Amended Scheduling Order submitted to the court, the parties have proposed completion of discovery by September 27, 2019.

**(6) The parties shall inform the Court whether there are any special circumstances which would affect the time frames applied in preparing the scheduling order.**

Response: Claimants have indicated they wish to pursue third-parties regarding potential liability for the accident at issue. As a result, the within limitation action may need to be delayed to allow Claimants to pursue other potentially liable parties. The parties agree to

4

submit a Consent Amended Scheduling Order concurrent with the filing of their Joint Rule 26(f) Report.

**(7) The parties shall provide any additional information requested in the Pre-Scheduling Order (Local Civil Rule 16.01) or otherwise requested by the assigned judge.**

Response: None.

>Respectfully submitted,
>
>TECKLENBURG & JENKINS, LLC
>
>  *s/ Paul F. Tecklenburg*
> Paul F. Tecklenburg – Fed ID #3702
> Rivers T. Jenkins, III – Fed ID #5631
> P.O. Box 20667
> 1819 Meeting Street Road, Ste. A (29405)
> Charleston, SC  29413
> Telephone: (843) 534-2628
> Facsimile: (843) 534-2629
> Email: pft@tecklaw.net and rtj@tecklaw.net
> *Attorneys for Plaintiff-in-Limitation*

Charleston, South Carolina

December 7, 2018