IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION
IN ADMIRALTY

| | |
|---|---|
| In the matter of the Complaint of MORAN ENVIRONMENTAL RECOVERY, LLC, as the owner of the Vessel "Miss June" and her engines, Tackle, appurtenances, etc. <br><br> For exoneration from, or limitation of, Liability, | Civil Action No.: 2:18-cv-02396-DCN |

**DEFENDANT, TIFFANY PROVENCE, ESQ., PERSONAL REPRESENTATIVE OF THE ESTATE OF DAVID WAYNE RAFFERTY'S INFORMATION AS REQUIRED BY LOCAL RULE 26.03**

Pursuant to Rule 26.03 Defendant the Estate of David Wayne Rafferty submits the following:

1. A short statement of the facts of the case;

**ANSWER**: On or about July 6, 2018 David Wayne Rafferty was onboard the vessel "Miss June" when the vessel struck a metal wall located in the Cooper River. As a result of the collision Mr. Rafferty sustained serious injuries and subsequently died of those injuries after receiving substantial medical care.

2. The names of fact witnesses likely to be called by the party and a brief summary of their expected testimony;

**ANSWER**:
    A. Dillon Rafferty

    B. D. Andrew Quattlebaum

    C. R. Matthew Murphy

The above witnesses are expected to provide testimony as to the facts of the accident and to all damages.

1

D. Moran Environmental Recovery, LLC

The above witness is expected to provide testimony as to facts of the accident.

E. Melody Keller

The above witness is expected to provide testimony as to facts of the accident.

F. Lance Corporal Jeffrey Day
South Carolina DNR
100 Assembly Street
PO Box 167
Columbia, SC  29202

The above witness will testify regarding his accident investigation.

G. Michael J. Bowers, CP
H. Richard Roland Dube, FF
North Charleston Fire Department
2500 City Hall Lane
North Charleston, SC  29406

The above witnesses will testify regarding the accident scene and damages observed by them.

Defendants reserve the right to supplement as discovery progresses.

3. The names and subject matter of expert witnesses (if no witnesses have been identified, the subject matter and field of expertise should be given as to experts likely to be offered);

**ANSWER**: A. Dr. Kenneth W. Fisher
Fisher Maritime Consulting Group
147 Columbia Turnpike, Ste. 203
Florham Park, NJ  07932

Dr. Fisher is expected to provide an opinion regarding the watercraft involved in the accident and its operation which is the subject matter of this case.

B. Neil K. Haynes CMS/AMS/CMI
Blue Water Surveys, LLC
1739 Maybank Hwy., Ste. T
Charleston, SC  29412

Mr. Haynes is expected to provide an opinion regarding the unseaworthiness of the vessel involved in the accident.

   C. Mr. Jeff Sechrest

Mr. Sechrest is expected to provide an opinion regarding the GPS unit which was on board the vessel at the time of the accident.

Defendant reserves the right to list additional experts in the course of discovery.

  4. A summary of the claims or defenses with statutory and/or case citations supporting the same;[1]

**ANSWER**: The claim is premised upon the general maritime and statutory law of the United States relative to obligations of vessels.

  5. Absent special instructions from the assigned judge, the parties shall propose dates for the following deadlines listed in Local Civil Rule 16.02

   (a) Exchange of Fed. R. Civ. P. 26(a)(2) expert disclosures; and

   (b) Completion of discovery.

**ANSWER**: (a) Plaintiff's expert disclosures: April 26, 2019

    Defendant's expert disclosures: May 31, 2019

   (b) Completion of discovery: September 27, 2019

  6. The parties shall inform the Court whether there are any special circumstances which would affect the time frames applied in preparing the scheduling order. See general Local Civil Rule 16.02(C) (Content of Scheduling Order).

---

[1] Generic references to the "general common, statutory or regulatory law" of the relevant jurisdiction will not be deemed an adequate response. Neither are lengthy discussions of commonly applied claims and defenses required. For most causes of action or defenses, a single citation to a single statute or case establishing the elements will suffice.

**ANSWER**: Defendants are contemplating bringing a separate action against Plaintiff and other potentially responsible parties involved in this incident. This action will likely be brought within 60 days.

7. The parties shall provide any additional information requested in the Pre-Scheduling Order (Local Civil Rule 16.01) or otherwise requested by the assigned judge.

**ANSWER**: None.

By: s/Gedney M. Howe, III
Gedney M. Howe, III (Fed Bar # 1971)
Law Offices of Gedney M. Howe, III, P.A.
P.O. Box 1034
Charleston, SC 29402-1034
Telephone: 843-722-8048
Fax: 843-722-2140
kleroy@gedneyhowe.com

A. Elliott Barrow, Jr. (Fed Bar #1222)
Barrow Law Firm, LLC
1051 Chuck Dawley Blvd.
Mt. Pleasant, SC 29464
Telephone: 843-352-1440
Fax: 843-352-1441
blf@barrowlawfirm.com

Attorneys for Defendant Tiffany Provence, Esq., Personal Representative of the Estate of David Wayne Rafferty

December 11, 2018