UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION- IN ADMIRALTY

| | |
|---|---|
| In the matter of the Complaint of MORAN ENVIRONMENTAL RECOVERY, LLC, as the owner of the Vessel "Miss June" and her engines, Tackle, appurtenances, etc.<br><br>For exoneration from, or limitation of, Liability, | Civil Action No.: 2:18-cv-02396-DCN<br><br>**Local Rule 26.03 Disclosures of Claimant Penny J. Barnett as Personal Representative of the Estate of Edward Barnett** |

Penny J. Barnett, Personal Representative of the Estate of Edward Barnett ("Claimant") responds to Rule 26.03 of the Federal Rules of Civil Procedure as follows:

**(1)    A short statement of the facts of the case.**

**Response:**  On July 6, 2018, Edward Barnett died in a boating incident that occurred on the Cooper River. The vessel ("Miss June") struck a seawall and Mr. Barnett was pronounced dead at the scene.

**(2)    The names of fact witnesses likely to be called by the party and a brief summary of their expected testimony.**

**Response:**

a)    Penny J. Barnett
     172 George Keen Drive
     Summerville, SC 29483

Claimant has knowledge and information regarding the injuries and damages at issue in the action.

b)    Christopher Barnett
     229 Woodbrook Way
     Moncks Corner, SC 29461

Christopher Barnett has knowledge and information regarding the injuries and damages at issue in the action.

c)  Todd Barnett
    106 Churchill Court
    Richmond Hill, GA 31324

Todd Barnett has knowledge and information regarding the injuries and damages at issue in the action.

d)  Officer Thomas Wallace
    North Charleston Police Department

Officer Thomas Wallace has knowledge and information regarding the subject incident.

e)  Officer James Scott Parker
    North Charleston Police Department

Officer James Scott Parker has knowledge and information regarding the subject incident.

f)  Firefighter Richard Roland Dube
    North Charleston Fire Department

Firefighter Richard Roland Dube has knowledge and information regarding the subject incident.

g)  Firefighter Michael J. Bowers
    North Charleston Fire Department

Firefighter Michael J. Bowers has knowledge and information regarding the subject incident.

h)  Lieutenant Bryan Johnson
    United States Coast Guard

Lieutenant Bryan Johnson has knowledge and information regarding the subject incident

i)  EMT Seth Croutcher
    Charleston County EMS

EMT Seth Croutcher has knowledge and information regarding the subject incident.

j)  EMT Hannah Williams
    Charleston County EMS

EMT Hannah Williams has knowledge and information regarding the subject incident.

**(3)    The names and subject matter of expert witnesses (if no witnesses have been identified, the subject matter and field of expertise should be given as to experts likely to be offered)**

**Response:**   At this time, Claimant has not determined the experts who will be utilized in this matter.   Claimant anticipates that experts may be utilized in the area of vessel seaworthiness.

**(4)    A summary of the claims or defenses with statutory and/or case citations supporting the same.**

**Response:**   The claim is based general maritime law and related statutory laws regarding vessels.

**(5)    Absent special instructions from the assigned judge, the parties shall propose dates for the following deadlines listed in Local Civil Rule 16.02.**

    **(a)    Exchange of Fed. R. Civ. P. 26(a)(2) expert disclosures;**

    **(b)    Completion of discovery.**

**Response:**

(a)   In accordance with the parties' Consent Amended Scheduling Order submitted to the Court concurrent with the filing of the Joint Rule 26(f) Report, the following disclosure dates have been proposed:

    Plaintiff-in-Limitation: April 26, 2019

    Claimant: May 31, 2019

(b)   In accordance with the parties' Consent Amended Scheduling Order submitted to the Court, the parties have proposed completion of discovery by September 27, 2019.

**(6)** **The parties shall inform the Court whether there are any special circumstances which would affect the time frames applied in preparing the scheduling order. See generally Local Civil Rule 16.02(c) (Content of Scheduling Order).**

<u>Response</u>: Claimant may pursue separate claims against Plaintiff and third-parties responsible for the subject incident. The parties agree to submit a Consent Amended Scheduling Order concurrent with the filing of their Joint Rule 26(f) Report.

**(7)** **The parties shall provide any additional information requested in the Pre-Scheduling Order (Local Civil Rule 16.01) or otherwise requested by the assigned judge.**

<u>Response</u>: None.

**Joye Law Firm, LLP**

<u>  s/Christopher J. McCool</u>
Christopher J. McCool (Federal ID: 5747)
5861 Rivers Avenue
North Charleston, SC 29401
Office: 843-554-3100
cmccool@joyelawfirm.com

**O'Shea Law Firm, LLC**

<u>s/Brooklyn A. O'Shea</u>
Brooklyn A. O'Shea (Federal ID: 12681)
Ian R. O'Shea (Federal ID: 11879)
1120 Folly Road
Charleston, SC 29412
843-805-4943 office
brook@theoshealawfirm.com
ioshea@theoshealawfirm.com

*Attorneys for Penny J. Barnett as Personal Representative of the Estate of Edward Barnett*

North Charleston, South Carolina
December 11, 2018

## CERTIFICATE OF SERVICE

I hereby certified that I have mailed a copy of the above and foregoing to counsel of record in said proceeding to his/her office with sufficient postage attached this 11th day of December, 2018.

                _____s/Christopher J. McCool_____