**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**
**IN ADMIRALTY**

| | |
|---|---|
| In the matter of the Complaint of MORAN ENVIRONMENTAL RECOVERY, LLC, as the owner of the vessel "Miss June" and her engines, tackle, appurtenances, etc.<br><br>For exoneration from, or limitation of, liability. | Civil Action No.: 2:18-cv-02396-DCN<br><br>**PLAINTIFF-IN-LIMITATION'S MOTION TO COMPEL CLAIMANT PENNY J. BARNETT, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF EDWARD BARNETT, TO RESPOND TO FIRST INTERROGATORIES AND FIRST REQUEST FOR PRODUCTION** |

**TO:   CHRISTOPHER J. MCCOOL, ESQUIRE, AND BROOKLYN A. O'SHEA, ESQUIRE, ATTORNEYS FOR CLAIMANT PENNY J. BARNETT, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF EDWARD BARNETT:**

Pursuant to Fed. R. Civ. P. 26 and 37, Plaintiff-in-Limitation MORAN ENVIRONMENTAL RECOVERY, LLC (hereinafter "MER" or "Plaintiff-in-Limitation"), by and through its undersigned attorney, moves this Honorable Court for an Order compelling Claimant PENNY J. BARNETT, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF EDWARD BARNETT (hereinafter "Barnett Estate" or "Claimant") to respond to:

A. Respond to MER's First Set of Interrogatories to Barnett Estate dated February 21, 2019 (**Exhibit A**); and

B. Respond to MER's First Set of Requests for Production dated February 21, 2019 (**Exhibit B**).

The basis for this Motion to Compel is that Plaintiff-in-Limitation MER has not received from Claimant Barnett Estate any responses or documents to the discovery specified by items A and B above.

## DISCOVERY RESPONSES AND
## AMENDED SCHEDULING ORDER SOUGHT

1. On February 21, 2019 Plaintiff-in-Limitation's counsel served a First Set of Interrogatories and First Request for Production of Documents on Claimant Barnett Estate's counsel of record via U.S. Mail as evidenced by the Certificates of Service attached as **Exhibit C and Exhibit D**. To date, Claimant Barnett has failed to respond to Plaintiff-in-Limitation's discovery within the time allowed by Fed. R. Civ. P. 33 and 34 or request that Plaintiff-in-Limitation agree to an extension of time for Claimant Barnett Estate's responses to Defendant's discovery as allowed by Fed. R. Civ. P. 29.

2. More than thirty (30) days, plus five (5) days mailing time, have elapsed since the service of Plaintiff-in-Limitation's discovery on February 21, 2019.

3. Plaintiff-in-Limitation's counsel has communicated with Claimant Barnett Estate's counsel pursuant to Fed. R. Civ. P. 37 regarding the lack of responses, and Claimant Barnett Estate has failed to respond. (*See* emails dated December 18, 2019, FRCP Rule 11 correspondence dated January 10, 2020, and email dated February 7, 2020, attached hereto as **Exhibits E, F & G**).

## SUPPORTING MEMORANDUM

Rule 37(a), Fed. R. Civ. P., provides, *inter alia*, as follows:

**(a) Motion for an Order Compelling Disclosure or Discovery.**

(1) *In General.* On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

(2) *Appropriate Court.* A motion for an order to a party must be made in the court where the action is pending. A motion for an order to a nonparty must be made in the court where the discovery is or will be taken.

    (3) *Specific Motions.*

    (A) *To Compel Disclosure.* If a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions.

    (B) *To Compel a Discovery Response.* A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if:

        (i)    a deponent fails to answer a question asked under Rule 30 or 31;

        …

        (iii)    a party fails to answer an interrogatory submitted under Rule 33; or

        (iv)    a party fails to produce documents or fails to respond that inspection will be permitted—or fails to permit inspection—as requested under Rule 34.

Fed. R. Civ. P. 37(a).

The requested discovery is relevant and necessary to the defense of the Claim asserted by the Barnett Estate and is proportional to the needs of the case. Accordingly, the Plaintiff-in-Limitation respectfully requests an Order which compels the Claimant Barnett Estate to fully and completely respond to Plaintiff-in-Limitation's discovery requests, in compliance with the Federal Rules of Civil Procedure, and awarding any costs or fees mandated by such Rules.

## **CONCLUSION**

Based upon the foregoing Motions and attached exhibits, Plaintiff-in-Limitation, therefore, respectfully requests that the Court issue an Order compelling Claimant Barnett Estate to fully and completely respond to Plaintiff-in-Limitation's First Set of Interrogatories and First Request for Production of Documents, as specifically requested in this Motion and for such other relief under Rule 37, FRCP, as the Court deems appropriate.

PLEASE BE PRESENT TO DEFEND IF SO MINDED.

Respectfully submitted,

TECKLENBURG & JENKINS, LLC


*s/Paul F. Tecklenburg*
Paul F. Tecklenburg (Fed. ID #3702)
Rivers T. Jenkins, III (Fed. ID #5631)
P.O. Box 20667
1819 Meeting Street Road, Ste. 150 (29405)
Charleston, SC  29413
Telephone: (843) 534-2628
Facsimile: (843) 534-2629
Email: pft@tecklaw.net
          rtj@tecklaw.net
*ATTORNEYS FOR MORAN ENVIRONMENTAL RECOVERY, LLC, PLAINTIFF-IN-LIMITATION*

Charleston, South Carolina
April 8, 2020

## **CERTIFICATION**

Counsel, by this signature, confirms good-faith attempt to resolve the foregoing motion pursuant to Fed. R. Civ. P. 37 and Local Rule 7.02, to no avail.

*s/ Paul F. Tecklenburg*
Paul F. Tecklenburg (Fed. ID #3702)
P.O. Box 20667
1819 Meeting Street Road, Ste. 150 (29405)
Charleston, SC  29413
Telephone: (843) 534-2628
Facsimile: (843) 534-2629
Email: pft@tecklaw.net
*ATTORNEYS FOR MORAN ENVIRONMENTAL RECOVERY, LLC, PLAINTIFF-IN-LIMITATION*