IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION
IN ADMIRALTY

| | |
|---|---|
| In the matter of the Complaint of MORAN ENVIRONMENTAL RECOVERY, LLC, as the owner of the vessel "Miss June" and her engines, tackle, appurtenances, etc.<br><br>For exoneration from, or limitation of, liability, | Civil Action No.: 2:18-cv-02396-DCN<br><br>REQUEST FOR PRODUCTION OF DOCUMENTS TO CLAIMANT ESTATE OF EDWARD BARNETT |

TO: BROOKLYN A. O'SHEA, ESQUIRE
      CHRISTOPHER J. MCCOOL, ESQUIRE
      COUNSEL FOR CLAIMANT ESTATE OF EDWARD BARNETT

Plaintiff-in-Limitation, Moran Environmental Recovery, LLC propounds the following discovery. Pursuant to Rule 34, FRCP, you are hereby requested to produce for inspection and copying the documents designated below.

## INSTRUCTIONS

Unless otherwise agreed upon between counsel, the production, inspection, copying, and all acts necessarily related thereto shall take place at the office of the undersigned attorneys at 1819 Meeting Street Road, Suite 150, Charleston, South Carolina, 29405, within thirty (30) days of service. In lieu of the production of the originals of the requested documents, you may elect to mail or otherwise transmit to the undersigned attorneys legible copies of the documents requested within thirty (30) days of service.

You shall specify the documents produced in response to each request for production according to the numbered paragraphs of the production appearing hereinafter.

If you claim a privilege as to any document, with respect to those documents, set forth the following:

    (a)    who possesses the document;
    (b)    the author, recipient, and any copyholders of the document;
    (c)    who prepared the document;
    (d)    the date of the document; and
    (e)    the type of privilege asserted.

Please consider this to be a request to supplement responses pursuant to Rule 26(e), FRCP.

1

# DEFINITIONS

The terms "you," "your," and "Claimant" shall embrace and include the Estate of Edward Barnett, and any and all agents, servants, representatives or other person or entity who has obtained information or acted for or on behalf of the Estate of Edward Barnett (hereinafter "Claimant").

The term "documents," either singular or plural, shall include the original and every non-identical copy of any original, whether different from the original by reason of any notation made on such copies or otherwise, of, without limitation, all memoranda, reports, evaluations, records, correspondence, statements, interoffice communications, intraoffice communications, agreements, contracts, leases, computer disks, electronically-stored data, microfilm, microfiche, invoices, purchase orders, checks, journals, books of account, financial books, bank statements, deposit statements, logs, inventories, computer or business machine printouts, accountants' work papers, accountants' statements and writings, ledgers, telegrams, teletypes, telexes, facsimiles, telefaxes, bills of lading, deck logs, engine logs, outturn reports, tally sheets, dock receipts, handwritten notes, notations or minutes of meetings, papers, diaries, rolodexes, phone messages, promissory notes, evidences of indebtedness, security agreements, loan applications, documents creating or reflecting a security interest, loan agreements, financing statements, assignments, office manuals, employee manuals, company rules and regulations, licenses, certificates, diplomas, reports of experts, studies, test data, analyses, computations, relations, charts, maps, plats, drawings, plans, specifications, graphs, minute books, transcripts, calendars, business cards, brochures, circulars, periodicals, pamphlets, advertisements, leaflets, promotion materials, notes of oral conversations, tape recordings, videotapes, motion pictures, sound discs, visual discs, photographs, slides, films, other sound or visual production materials of any kind, and any other tangible object, however produced or reproduced, upon which words or phrases are affixed or from which, by appropriate transcription, such written matter or tangible thing may be reproduced, which are in the possession, custody or control of you or your attorneys, or which you or your attorneys have or have had access or knowledge.

As used herein, the words "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of this request any documents which might otherwise be construed to be outside its scope.

The term "relate to" any given subject means any document that constitutes, contains, embodies, reflects, identifies, states, refers to, deals with, or is in any way pertinent to that subject, including, without limitation, documents concerning the preparation of other documents.

In these Requests for Production, the singular shall include the plural; the plural shall include the singular; the masculine shall include the feminine; and the feminine shall include the masculine.

## DOCUMENTS REQUESTED

1. Produce all documents identified in, referred to, or relied upon in your responses to Plaintiff-in-Limitation's Interrogatories.

2. Produce all documents which relate to the claims or defenses in this action

3. Produce all photographs, plats, sketches or other prepared documents which relate to the claims or defenses in this action.

4. Produce complete, unedited copies of Federal and State income tax returns for Edward Barnett and any business he owned or managed for the previous five (5) years, including W-2 forms and supporting schedules.

5. Produce complete, unedited copies of Federal and State income tax returns for Penny J. Barnett and any business she owned or managed for the previous five (5) years, including W-2 forms and supporting schedules.

6. Produce all documents which relate to statements given by either eyewitness(es) or other witness(es) concerning matters complained of in the Claim.

7. Produce all documents which substantiate or relate to the alleged damages set forth in the Claim or in your Answers to Interrogatories.

8. Produce all documents that relate to the Claimant's allegation that the Plaintiff-in-Limitation was negligent or the MISS JUNE was unseaworthy as set forth in the Claim.

9. Produce all documents that relate to the written report of any expert whom the Claimant has retained to testify at the trial of this case.

10. With regard to any expert witnesses identified to testify in this case, produce:

    a. all documents prepared by the expert or kept in his file regarding this action;
    b. all documents sent to the expert by Claimant's counsel;
    c. all documents relied upon by the expert;
    d. all documents used, consulted, or reviewed by the expert;
    e. all documents setting forth the compensation agreement between Claimant and the expert and invoices by the expert;
    f. all documents used, relied upon, consulted, or reviewed by the expert in answering expert witness Interrogatories;
    g. a list of all cases in which the expert has given testimony for the previous four (4) years;
    h. all documents that have been or will be shown to the expert prior to trial testimony; and
    i. all documents, including a current curriculum vitae, used to establish the expert's qualifications for trial purposes.

11. Produce all documents that relate to communications between the Claimant or his attorneys and any expert whom the Claimant has retained to testify at the trial of this case.

12. Produce all documents which the Claimant intends to rely upon at the trial of this case.

13. Produce all documents evidencing payment to you from any source that relate to the losses or damages claimed as a result of this accident.

14. Produce all demand letters or other communications by you demanding monetary relief for losses claimed as a result of this accident.

15. Produce all documents that relate to communications (written, email oral, or otherwise) with insurance companies or their representatives regarding losses claimed as a result of this accident.

16. Produce all documents that relate to your investigation of the subject accident.

17. Produce all documents subpoenaed by the Claimant.

18. Produce all documents that relate to the impeachment of any witness in this case.

19. Produce all documents that relate to the claims or defenses in this case that you have received pursuant to freedom of information or open record statutes.

20. Produce all bank statements of Edward Barnett for the 3 years prior to the death of Edward Barnett.

21. Produce all bank statements of Penny J. Barnett for the 3 years prior to the death of Edward Barnett.

22. Produce all documents that evidence pecuniary support by Edward Barnett to Penny J. Barnett for the 3 years prior to the date of death.

23. Produce all documents that relate to pecuniary support by Penny J. Barnett to Edward Barnett for the 3 years prior to the date of death.

24. Produce any life insurance policy that was on the life of Edward Barnett, and any amendments or beneficiary designations.

25. Produce all documents that evidence or support episodes of consciousness of Edward Barnett after the accident.

26. Produce all documents that relate to sources of income received by Edward Barnett for the 5 years prior to Edward Barnett's date of death.

27. Produce all documents that relate to sources of income received by Penny J. Barnett for the 5 years prior to Edward Barnett's date of death.

28. Produce all documents that relate to any retirement plan, calculation or portfolio of Edward Barnett.

29. Produce all medical records that relate to medical treatment rendered to Edward Barnett during the previous 10 years.

30. Produce all medical records that relate to prescriptions that Edward Barnett filled in the previous 6 years.

31. Produce all documents that relate to any treatment Edward Barnett had for circulatory, cardiac, or any disease of the arteries or heart.

TECKLENBURG & JENKINS, LLC

Paul F. Tecklenburg – Fed. Bar #3702
P.O. Box 20667
1819 Meeting Street Road, Ste. 150 (29405)
Charleston, SC 29413
Telephone: (843) 534-2628
Facsimile: (843) 534-2629
Email: pft@tecklaw.net
*COUNSEL FOR PLAINTIFF-IN-LIMITATION*

Charleston, South Carolina
February 21, 2019